**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**LABORER'S INTERNATIONAL UNION OF NORTH AMERICA, LOCAL NO. 721, Respondent.**

No. 80–1440.

United States Court of Appeals, First Circuit.

Argued Feb. 11, 1981.

Decided May 15, 1981.

Collis Suzanne Stocking, Washington, D. C., with whom William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Acting Associate

**34**

Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, Peter M. Bernstein and Bernard P. Jeweler, Washington, D. C., were on brief, for petitioner.

James A. Toomey, Braintree, Mass., with whom Murphy, Lamere & Murphy, Braintree, Mass., was on brief, for respondent.

Before ALDRICH, Senior Circuit Judge, WINTER, Circuit Judge,* and WYZANSKI, Senior District Judge.**

PER CURIAM.

The National Labor Relations Board petitions for enforcement of its order, 246 N.L.R.B. No. 108 (December 4, 1979), directing Laborer's International Union Local 721 (the Union), among other things, to cease and desist from its unfair labor practices in violation of §§ 8(b)(1)(A) and 8(b)(2) of the National Labor Relations Act, 29 U.S.C. § 158(b) (1976), and to rescind the unlawful disciplinary actions taken against two of its members. Although the Union claims its disciplinary actions were appropriate, we think that there was substantial evidence to support the Board's determination that the Union violated the Act in two respects. We direct that the Board's order be enforced in full.

I.

The Union disciplined the two members when they refused to participate in a strike called by the Union. The Union had requested that the employer of the two workers, a construction contractor, place a Union-designated steward at the jobsite as permitted by the collective bargaining agreement. The two men were the only Laborers at the jobsite, so the employer asked the Union to designate either man as the steward. The Union refused, and the employer likewise refused to hire an additional Laborer or to discharge either man then employed in order to take on a steward acceptable to the Union. The Union thereupon called the strike, which the two workers participated in for one day. After

a work hiatus due to inclement weather, they resumed work in spite of the continuing strike call. The Union proceeded to discipline the two workers, notwithstanding the fact that the collective bargaining agreement also contained a valid no-strike provision applicable to this strike and a provision for arbitration of such disputes. The Union held a hearing and fined the men. They apparently declined to pay the fines, and the Union proceeded to suspend them, refusing to accept their tenders of regular dues. Finally, the Union sent a message to their employer which stated that the men were no longer members in good standing with the Union and should therefore be discharged according to a closed-shop provision of the collective bargaining agreement. The employer did not discharge the two workers. They nonetheless preferred charges against the Union with the General Counsel to the Board.

After the parties stipulated to the facts, a divided Board held that the Union violated § 8(b)(1)(A) of the Act by subjecting the two men to discipline because the strike violated a no-strike provision of the agreement. It determined that the employer's refusal to hire a Union-designated steward in violation of the collective bargaining agreement did not constitute an unfair labor practice sufficiently serious to justify the strike. The Board also held that the Union violated §§ 8(b)(1)(A) and 8(b)(2) of the Act by attempting to secure the employer's discharge of the two men.

II.

It is conceded for purposes of this appeal that the collective bargaining agreement's provision for union designation of a steward served a legitimate union objective. Accordingly, the employer's violation of the provision constituted an unfair labor practice, despite the fact that the Union refused to consider designating one of its two members on the job as steward and insisted upon a steward of its own choice, even if the

---

* Of the United States Court of Appeals for the Fourth Circuit, sitting by designation.

** Of the District of Massachusetts, sitting by designation.

employer had to discharge another Union member to hire the chosen individual. *Cf. The PaintSmiths, Inc. v. NLRB*, 620 F.2d 1326 (8 Cir. 1980), *rev'g* 239 N.L.R.B. 1378 (1979). The Supreme Court has long held that strikes called to protest unfair labor practices of employers do not violate general no-strike provisions of collective bargaining agreements in the absence of a more specific waiver of the right to strike. *Mastro Plastics Corp. v. NLRB*, 350 U.S. 270, 76 S.Ct. 349, 100 L.Ed. 309 (1956). The Board, however, has interpreted the right to strike under *Mastro Plastics* as limited to disputes involving "serious" unfair labor practices. *Arlan's Department Store of Michigan, Inc.*, 133 N.L.R.B. 802 (1961). Because the steward designation dispute did not involve a "flagrant" unfair labor practice by the employer "threatening the very existence of the union itself," *Drake Bakeries, Inc. v. American Bakery Workers*, 370 U.S. 254, 265, 82 S.Ct. 1346, 1353, 8 L.Ed.2d 474 (1962), the Board determined that the employer did not commit an unfair labor practice sufficiently serious to justify the strike in view of the no-strike provision of the collective bargaining agreement and the availability of an arbitration procedure to settle the dispute.

We think the Board is correct in its view that *Mastro Plastics* does not justify strikes in violation of bargained-for no-strike provisions in labor agreements over any unfair labor practice, no matter how insignificant. National labor policy encourages dispute resolution without resort to industrial strife, especially arbitration. *See, e. g., Gateway Coal Co. v. United Mine Workers*, 414 U.S. 368, 377–82, 94 S.Ct. 629, 636–39, 38 L.Ed.2d 583 (1974); *Boys Markets, Inc. v. Retail Clerks*, 398 U.S. 235, 250–53, 90 S.Ct. 1583, 1592–93, 26 L.Ed.2d 199 (1970). Wooden application of a rule justifying strikes would completely vitiate the efforts of the parties to minimize disruptions by establishing mechanisms to resolve disputes through collective bargaining. *Mastro Plastics* contemplates strikes to protest unfair labor practices which threaten the integrity of the collective bargaining relationship. Permitting such strikes in defiance of

no-strike provisions when the unfair labor practice is not so serious, however, would also undermine the collective bargaining relationship.

The Board, moreover, can best determine what unfair labor practices by an employer threaten a union's ability to represent a bargaining unit effectively and which do not. The Board's expertise is best applied in areas such as this, which emphasize factfinding and call for a flexible, case-by-case approach, and is best deferred to by the courts, subject of course to general supervisory review. We accept the Board's determination in this case that the employer's conduct did not warrant a strike. Substantial evidence in the record as a whole supports this determination for the record reveals that what was at stake was not a refusal on the part of the employer to honor the Union's contractual right to have a steward on the jobsite but a simple dispute as to the identity of the steward. There was thus, as the Board found, no effort on the part of the employer to "undermine the Union as the employees' collective bargaining representative."

### III.

As a further step, we accept the Board's determination in this case that the Union's discipline of the two men who refused to participate in a strike unwarranted by a serious unfair labor practice violated § 8(b)(1)(A) of the Act, 29 U.S.C. § 158(b)(1)(A). *NLRB v. Retail Clerks Union, Local 1179*, 526 F.2d 142 (9 Cir. 1975); *Mississippi Gulf Coast Bldg. v. Construction Trades Council*, 222 N.L.R.B. 649, *enf'd*, 542 F.2d 573 (5 Cir. 1976).

Although unions are permitted to assess fines to maintain discipline, the Act prohibits unions from maintaining discipline by interfering with the employment of their members. *See, e. g., Scofield v. NLRB*, 394 U.S. 423, 428, 89 S.Ct. 1154, 1157, 22 L.Ed.2d 385 (1969). The imperative words of the Union's message to the employer requesting the immediate implementation of the discharge provision of the collective bargain-

ing agreement with respect to the two wrongfully disciplined workers unmistakably provide substantial support for the Board's finding of unlawful interference with employment of the two men in violation of §§ 8(b)(1)(A) and 8(b)(2) of the Act.

ENFORCEMENT GRANTED.